**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MICHAEL CLEMENTE JOHNSON,**

      **Petitioner,**

**vs.**                                 **Case No. 4:11cv202-MP/CAS**

**SECRETARY KENNETH S. TUCKER,[1]**

      **Respondent.**

_____/


**<u>REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS
OR STAY § 2254 PETITION AND DIRECT RESPONSE</u>**

On May 6, 2011, Petitioner Michael Clemente Johnson filed a petition for writ of

habeas corpus under 28 U.S.C. § 2254.  Docs. 1 and 2.  Petitioner challenges his

conviction and sentence, imposed by the Fourth Judicial Circuit, in and for Duval

County, Florida, following a jury trial, for one count of sale or delivery of cocaine, in

violation of section 893.13(1), Florida Statutes (2008).  Doc. 1 at 1-2.  Petitioner raises

two grounds in his § 2254 petition.  *Id.* at 5-7. Ground 1 presents a challenge to his

---

[1]Kenneth S. Tucker succeeded Edwin G. Buss as Secretary of the Department of
Corrections and is automatically substituted as the Respondent.  *See* Fed. R. Civ. P. 25(d).

conviction as a violation of federal constitutional law because the imposition of felony punishment for an offense that lacks mens rea violates due process. *Id.* at 5. Ground 2 presents the same challenge to Petitioner's sentence. *Id.* at 6.

## Procedural History

By order issued May 12, 2011, this Court noted jurisdiction is appropriate in this district as well as in the Middle District of Florida, as the districts of confinement and conviction, respectively. Doc. 4. This Court directed Respondent to file an answer, motion, or other response. *Id.*

Respondent filed a motion to transfer this case to the Middle District of Florida. Doc. 5. This Court directed Petitioner to respond, (Doc. 6), and Petitioner filed a response on July 8, 2011 (Doc. 7). On July 11, 2011, this Court denied the motion to transfer. Doc. 8. Respondent filed motions for reconsideration, to which Petitioner filed a response. Docs. 9, 10, 13, 14. By order dated October 21, 2011, the district court denied the motion for reconsideration and upheld the order denying the motion to transfer. Doc. 16. Given that determination, Respondent was directed to file an answer or other response to the § 2254 petition. *See* Docs. 12 and 16.

On November 1, 2011, Respondent filed a motion to dismiss or stay the § 2254 petition. Doc. 17. In this motion, Respondent asserts Ground 1 raises only a matter of state law, not cognizable in this federal proceeding, citing decisions in Williams v. State, 45 So. 3d 14 (Fla. 1st DCA 2010), *review denied*, 53 So. 3d 14 (Fla. 2011), Flagg v. State, 74 So. 3d 138 (Fla. 1st DCA 2011), and Shelton v. Secretary, Department of Corrections, 802 F. Supp. 2d 1289 (M.D. Fla. 2011), among others. Doc. 17 at 3-7.

Respondent further asserts the dismissal of Ground 1 moots Ground 2.  *Id.* at 8.

Finally, Respondent indicates the <u>Shelton</u> case decided the same issue raised in the

instant § 2254 motion, and asserts that because the <u>Shelton</u> case is currently on appeal

to the Eleventh Circuit, this Court should stay this proceeding.  *Id.* at 1, 8-9.

Respondent also requests this Court stay this proceeding until the Florida Supreme

Court issues a decision in <u>State v. Adkins</u>, 71 So. 3d 184 (Fla. 2d DCA), *jurisdiction*

*accepted*, 71 So. 3d 117 (Fla. 2011).  Doc. 17 at 1, 8-9.

Petitioner filed a response to the motion to dismiss or stay.  Doc. 18.  Petitioner

asserts that, although state law decisions hold that the offense at issue is a general

intent crime, that issue is not purely a state law question.  *Id.* at 1.  Petitioner also cites

<u>Chicone v. State</u>, 684 So. 2d 736 (Fla. 1986), and asserts the state law is not as clear

as Respondent suggests.  *Id.* at 2.  Petitioner points out that Respondent's arguments

are more appropriate for an answer, rather than a motion to dismiss.  *Id.*  Finally,

Petitioner asserts that the pendency of <u>Shelton</u> in the Eleventh Circuit provides no basis

for staying this proceeding because, among other things, one argument raised there is

that the issue was not preserved for federal review and thus <u>Shelton</u> may be decided on

procedural grounds.  *Id.*

On March 7, 2012, Respondent filed a Notice of Supplemental Authority,

submitting the decision in <u>United States v. Watson</u>, 461 F. App'x 887 (11th Cir. 2012).

in support of the motion to dismiss or stay.  Doc. 19.  Petitioner filed a response to this

notice, urging Respondent's reliance on <u>Watson</u> is misplaced.  Doc. 20.

**<u>Analysis</u>**

Given the recent decisions concerning section 893.13(1), in Florida state and federal courts, the undersigned declines to find, on a motion to dismiss, that the issue raised in the § 2254 petition presents only an issue of state law.  *See* <u>Shelton</u>, 802 F. Supp. 2d at 1297 (finding section 893.101 facially unconstitutional as violative of due process clause in U.S. Constitution); *see also* <u>United States v. Bunton</u>, 2011 WL 5080307 (M.D. Fla. Oct. 26, 2011) (noting criticism of <u>Shelton</u> decision, observing that "[t]he main shortcoming in the Florida courts' criticism of <u>Shelton</u> is that they do not address the federal due process concerns in any detail," distinguishing offense at issue in <u>Shelton</u> as involving delivery of illegal substance and not possession, and ultimately concluding section 893.13 is not facially unconstitutional because, even without mens rea requirement, it satisfies due process because State must still prove defendant had knowledge of his possession of substance).

Further, as to the motion for a stay, because the Florida Supreme Court's decision in <u>Adkins</u>, although controlling as a determination of state law, will not control this Court's analysis of a claim based on federal law, this proceeding should not be stayed pending the conclusion of that case.  *See, e.g.*, <u>Sims v. Singletary</u>, 155 F.3d 1297, 1308 (11th Cir. 1998) ("We will not challenge a state court's determination of state law." (citing <u>Stringer v. Black</u>, 503 U.S. 222, 235 (1992) ("It would be a strange rule of federalism that ignores the view of the highest court of a State as to the meaning of its own law."))); <u>Williams v. Florida</u>, 109 F. Supp. 2d 1372, 1373 (S.D. Fla. 2000) (explaining that Florida Supreme Court decision, to the extent it interprets U.S. Constitution, is not binding in federal court).   Finally, because <u>Shelton</u> may be decided

on an issue that does not affect the instant petition, this proceeding should continue

notwithstanding the pending appeal in the Eleventh Circuit in that case.


### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss

or stay (Doc. 17) be **DENIED**, Respondent be directed to file an Answer to the § 2254

petition within thirty (30) days of entry of the order adopting this recommendation, and

Petitioner directed that he may file a Reply within thirty (30) days after service of the

Answer.

**IN CHAMBERS** at Tallahassee, Florida on June 5, 2012.


 S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO PARTIES

**Within 14 days after being served with a copy of this report and**
**recommendation, a party may serve and file specific, written objections to the**
**proposed findings and recommendations.  A party may respond to another**
**party's objections within 10 days after being served with a copy thereof.  Failure**
**to file specific objections limits the scope of review of proposed factual findings**
**and recommendations.**