**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

MICHAEL CLEMENTE JOHNSON,

    Petitioner,

v.                                                              CASE NO. 4:11cv202-MP-CAS

KENNETH S TUCKER,

    Respondent.

_____/

**O R D E R**

    This cause comes on for consideration upon the magistrate judge's Report and Recommendation dated June 5, 2012 (doc. 22), recommending that the motion to dismiss the habeas petition or stay the case be denied. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The respondent filed objections and a motion for reconsideration (doc. 23), and I have made a *de novo* review of the objected to material. Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that the Report and Recommendation should be rejected and the motion to dismiss granted.

    Petitioner was convicted in Duval County of one count of violating Fla. Stat. § 893.13(1)(a)(1), which makes it a second degree felony to "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver" controlled substances (in this case, cocaine.) Petitioner challenges that conviction on two grounds, each of which are related to the constitutionality of Fla. Stat. § 893.101. That section provides that lack of knowledge of the illicit nature of the substance possessed is an affirmative defense rather than knowledge of the illicit nature of the substance being an element of the offense.

The constitutionality of § 893.101 was decided in July 2012, by the Florida Supreme Court in *State v. Adkins*, 2012 WL 2848903 (Fla. July 12, 2012), in which the court upheld the constitutionality of the provision.  In *Adkins*, the court examined the history of criminal statutes that omitted a scienter requirement and were nonetheless constitutional as compared to those statutes where the lack of scienter rendered them unconstitutional. The court explained that § 893.101 fell within the former because 1) it punished an affirmative act -- possessing or delivering controlled substances -- rather than merely a passive activity, such as simply being a felon present in a city more than five days; and 2) the provision did not threaten to chill otherwise protected activities, as would a law making possession of child pornography illegal without requiring knowledge of the age of the performers (under which a video seller could only feel safe selling movies he had reviewed ahead of time and so might decline to sell otherwise legal videos).  On August 24, 2012, the Eleventh Circuit Court of Appeals decided *Shelton v. Secretary, Department of Corrections*, 802 F. Supp. 2d 1289 (M.D. Fla. 2011) and held that *Adkins* was not an unreasonable application of federal law.  The district court in *Shelton* had determined that Fla. Stat. § 893.101 was facially unconstitutional because (1) its penalties are too harsh to allow omission of a *mens rea* requirement, (2) violations lead to substantial social stigma and so *mens rea* is required, and (3) it reaches inherently innocent conduct without a *mens rea* component.  On appeal, the Eleventh Circuit found that the district court had failed to give the proper deference under the AEDPA to the state courts' adjudication of the issue. Specifically, the Eleventh Circuit held that the Florida Supreme Court's adjudication of the facial constitutionality of § 893.101 on the merits in *Adkins* was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court."  *Shelton v. Sec'y, Dept. of Corrections,* 2012 WL 3641008 (August 24, 2012).  The panel concluded that "nothing in the *U.S. Reports* decides or implies resolution of the novel issue of the Florida Act's constitutionality, and we cannot find Florida's adjudication to be unreasonable under AEDPA." *Id.* at *5.  The decision in *Shelton* is binding on this court and completely forecloses the claims brought by petitioner.

Accordingly, it is now ORDERED as follows:

1. The magistrate judge's Report and Recommendation is rejected.

2. The motion to dismiss (doc. 17) is GRANTED, and the petition is DISMISSED with prejudice.

**DONE and ORDERED** this 25th day of September, 2012.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**